**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:12-cv-02939-JLK

SECURITIES AND EXCHANGE COMMISSION,

      Plaintiffs,

v.

STANLEY B. MCDUFFIE
(f/k/a STANLEY ROBERSON AND STANLEY BATTLE)
and
JILAPUHN, INC. (d/b/a HER MAJESTY'S CREDIT UNION)

      Defendants.

.

---

### DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

---

**DEFENDANTS** STANLEY B. MCDUFFIE (f/k/a STANLEY ROBERSON AND STANLEY BATTLE) and JILAPUHN, INC. (d/b/a HER MAJESTY'S CREDIT UNION) (the "HMCU Defendants") hereby submit their Answer to Plaintiff's Complaint dated November 8, 2012 [Doc. No. 1] and state as follows:

1.    Complaint ¶1: The Defendants admit that HMCU "raised at least $532,000."  The Defendants deny the remaining allegations set forth in Complaint ¶1, and any inferences therefrom.

2.    Complaint ¶2: Denied.

3.    Complaint ¶3: The Defendants admit that "HMCU has never been a federally or state chartered credit union."  The Defendants further admit that HMCU is the trade name of a

for-profit corporation that is controlled by [Defendant] McDuffie.  The Defendants deny the remaining allegations set forth in Complaint ¶3 and any inferences therefrom.

4.      Complaint ¶4: Defendants admit the first sentence of Complaint ¶4.   The Defendants deny the second sentence of Complaint ¶4 and any inferences therefrom.

5.      Complaint ¶5: Denied.  This paragraph calls for a legal conclusion and is denied. The credit union is closed.

6.      Complaint ¶6: Denied.  This paragraph calls for a legal conclusion and is denied. The credit union is closed.

7.      Complaint ¶7: Denied.  This paragraph calls for a legal conclusion and is denied.

8.      Complaint ¶8: Denied, the credit union is closed.  This paragraph calls for a legal conclusion and sets forth the relief sought by the Plaintiff and is, accordingly, denied.

9.      Complaint ¶9:  The Defendants admit that this Court has personal jurisdiction over Defendant McDuffie.  Defendants deny that this Court has subject matter jurisdiction.

10.      Complaint ¶10: The Defendants deny that venue is appropriate in the United States District Court for the District of Colorado.  The Defendants affirmatively state that venue is appropriate in the United States District Court for the District of the United States Virgin Islands, in St. Thomas, United States Virgin Islands.

11.      Complaint ¶11: Defendant McDuffie admits that he is a resident of Denver, Colorado.  Defendant McDuffie denies that he is the "CEO of HMCU."  Defendant McDuffie affirmatively states that he is the CEO of Jilapuhn, Inc. and that he cited his Fifth Amendment privilege to be ordered by the State District Court Judge to testify with immunity at a deposition for which he appeared, and that he was involved in the "management, general operations and

policies of HMCU," he denies the remaining allegations contained within ¶11 of the Complaint and any inferences therefrom.

12.     Complaint ¶12:  The Defendants affirmatively state that Jilapuhn, Inc. is incorporated in the U.S. Virgin Islands as a domestic corporation and in Colorado as a foreign corporation.  HMCU was registered as a trade name in the U.S. Virgin Islands and in the State of Colorado.  The Defendants admit the remaining allegations in Complaint ¶12.

13.     Complaint ¶13: Admit.

14.     Complaint ¶14: Admit.

15.     Complaint ¶15: The Defendants affirmatively state that the sequence of events set forth in Complaint ¶15 is correct.  The Defendants affirmatively state that at that time the NCUA failed to acknowledge that JEFCU was about to be capitalized shortly after it was liquidated by Pacific Coast Bankers Bank ("PCBB").  PCBB had agreed to advance JEFCU $100,000.00 on Monday, August 29, 2005.  The NCUA rushed to close JEFCU on Friday, August 26, 20505 in order to prevent such capitalization from taking place.  The Defendants deny any portion of Complaint ¶15 not specifically admitted and any inference therefrom.

16.     Complaint ¶16: Admit.

17.     Complaint ¶17: Denied.

18.     Complaint ¶18: The Defendants admits that "[b]etween 2008 and 2011, HMCU obtained a basic license to do business in the U.S. Virgin Islands from the U.S. Virgin Islands Department of Licensing and Consumer Affairs ("DLCA")."  The Defendants assert that the remainder of Complaint ¶18 is commentary/opinion by the Plaintiff which does not require a

response by the Defendants.  The Defendants deny Complaint ¶18, and any inferences therefrom, not specifically admitted herein.

19.     Complaint ¶19.  The Defendants admit that "HMCU has never been federally chartered by the NCUA, or chartered by any state."  The Defendants affirmatively state that the remainder of Complaint ¶19 is a legal conclusion by the Plaintiff, that it does not require a response, however denies same.

20.     Complaint ¶20.  The Defendants affirmatively state that HMCU only operated through the website for three months in 2008 and that there was one physical branch location for HMCU in the Virgin Islands and an office in Denver, Colorado.  The Defendants deny any remaining allegations and inferences in Complaint ¶20 not specifically admitted.

21.     Complaint ¶21:  The Defendants affirmatively state that Defendant McDuffie has assisted in "controlling" "HMCU's business" as set forth in Complaint ¶21, however Defendants deny that he "controlled HMCU's business" exclusively.  The Defendants deny any remaining allegations and inferences in Complaint ¶21 not specifically admitted.

22.     Complaint ¶22: Denied.  The Defendants affirmatively state that the CD advertisements ran between October - December 2008.

23.     Complaint ¶23: Denied.  The Defendants affirmatively state that the 7.75% CD were only advertised October - December 2008.

24.     Complaint ¶24: Admit.

25.     Complaint ¶25: The Defendants admit that "HMCU's Website was available to the general public, and some investors found the Website."   The Defendants are without

information necessary to admit the remaining allegations set forth therein and therefore deny same.

26.      Complaint ¶26:  The Defendants affirmatively state that the "Website solicitation" was only operable between October - December 2008.  The Defendants are without sufficient information necessary to admit or deny the remaining allegations set forth therein and therefore deny same.

27.      Complaint ¶27: Defendants affirmatively state that if HMCU received any "funds" from "investors" that the investors received "documents" from HMCU reflecting their "investments."  The Defendants deny any allegations or inferences not specifically admitted.

28.      Complaint ¶28: Denied.    Defendants admit that HMCU raised roughly $532,000.00 between October and December of 2008.

29.      Complaint ¶29: Paragraph 29 of the Plaintiff's Complaint is a statement "generally" describing credit unions, their operations and perceptions and does not require a response from the Defendants.   In the event that an answer is required, the Defendants "generally" deny this paragraph as general statements not applicable to this proceeding.

30.      Complaint ¶30: The Defendant's deny that they have "falsely and fraudulently stated and implied that HMCU is structured, controlled, and regulated as a credit union."  The Defendants admit the quoted language in the subparagraphs contained within paragraph 30 of Plaintiff's Complaint, but deny that they were false and/or fraudulent.

31.      Complaint ¶31: Denied.

32.      Complaint ¶32: Denied.  The Defendants affirmatively state that HMCU was regulated by DLCA.  The Defendants affirmatively state that HMCU not been officially audited.

33.     Complaint ¶33:   Paragraph 33 of Plaintiff's Complaint is an assertion of law and/or an assertion of fact and is therefore denied.

34.     Complaint ¶34: Paragraph 34 of Plaintiff's Complaint is an assertion of law and/or an assertion of fact and is therefore denied.

35.     Complaint ¶35: Defendants affirmatively state that that HMCU was insured by Lloyd's of London.  Defendant's admit the quoted language in Complaint ¶35, but deny any and all inferences set forth in Complaint ¶35.  Defendants deny any allegations or inferences set forth in Complaint ¶35 not specifically admitted above as not being complete and accurate factual statements.

36.     Complaint ¶36: Defendants admit that when HMCU was insured by Lloyd's of London that "funds" were "insured."   The Defendants deny the remaining allegations and inferences contained within Complaint ¶36 as not being complete and accurate statements of the facts.

37.     Complaint ¶37: Denied.

38.     Complaint ¶38: Denied.

39.     Complaint ¶39: Denied as not being a true and accurate statement of the events in question.

40.     Complaint ¶40: Denied as this paragraph is an assertion of law requiring no response and to the extent a response is required, the Defendants deny the allegations as incorrect and/or incomplete statements.

41.     Complaint ¶41: Denied as this paragraph is an assertion of law requiring no response and to the extent a response is required, the Defendants deny the allegations as incorrect and/or incomplete statements.

42.     Complaint ¶42: The Defendant's deny that they sold "unregistered securities." The Defendants deny the remaining allegations contained within Complaint ¶42 as being an incorrect and or incomplete statements of facts.

43.     Complaint ¶43: Denied.

44.     Complaint ¶44: Denied.

45.     Complaint ¶45: Denied as this paragraph is an assertion of law requiring no response and that to the extent a response is required, the Defendants deny the allegations as an incorrect and/or incomplete statements.

46.     Complaint ¶46: Denied as this paragraph is an assertion of law requiring no response and that to the extent a response is required, the Defendants deny the allegations as an incorrect and/or incomplete statements.

47.     Complaint ¶47: Denied.

48.     Complaint ¶48: Denied.

49.     Complaint ¶49: Denied.

50.     Complaint ¶50: Denied.

51.     Complaint ¶51: Denied.

52.     Complaint ¶52: Denied as this paragraph is an assertion of law requiring no response and that to the extent a response is required, the Defendants deny the allegations as an incorrect and/or incomplete statements.

53.      Complaint ¶53: Denied.

54.      Complaint ¶54: The Defendants deny Complaint ¶54 as the "offering" is not defined and, moreover, any "offerings" were not required to be "registered with any state securities authority."

55.      Complaint ¶55: Denied as this paragraph is an assertion of law requiring no response and that to the extent a response is required, the Defendants deny the allegations as an incorrect and/or incomplete statements.

56.      Complaint ¶56: Denied as HMCU never offered any "securities."

57.      Complaint ¶57: The Defendants admit that they did not "provide investors with the information required under Rule 502(b) of Regulation D [17 C.F.R. § 230.502(b)], including an audited balance sheet," but the Defendants deny that they were required to do so.

58.      Complaint ¶58: The Defendants admit that they "generally solicited" "through HMCU's Website, as well as through the ads placed on eBay and Google," but deny any inference from the statement set forth in Complaint ¶58.

59.      Complaint ¶59: Denied.

60.      Complaint ¶60: The Defendants deny Complaint ¶60 as being an incorrect and/or incomplete recitation of the facts.  The Defendants affirmatively state that HMCU raised that amount, $532,000.00, during three months of 2008 and the first quarter of 2009.

61.      Complaint ¶61: Denied as an incomplete statement and/or incomplete recitation of the facts.

62.      Complaint ¶62: Defendant McDuffie denies that he "profited from HMCU's fraudulent offering…".

63.     Paragraph ¶63: With respect to the allegations contained in paragraph 63 of Plaintiff's Complaint, the Defendants incorporate their prior responses to the allegations in paragraphs 1 through 62 above and their Affirmative Defenses as raised herein.

64.     Paragraph ¶64: Denied.

65.     Paragraph ¶65: Denied, the credit union is closed.

66.     Paragraph ¶66: With respect to the allegations contained in paragraph 66 of Plaintiff's Complaint, the Defendants incorporate their prior responses to the allegations in paragraphs 1 through 65 above and their Affirmative Defenses as raised herein.

67.     Paragraph ¶67: Denied.

68.     Paragraph ¶68: Denied.

69.     Paragraph ¶69: With respect to the allegations contained in paragraph 69 of Plaintiff's Complaint, the Defendants incorporate their prior responses to the allegations in paragraphs 1 through 68 above and their Affirmative Defenses as raised herein.

70.     Paragraph ¶70: Denied.

71.     Paragraph ¶71: Denied.

72.     Paragraph ¶72: Denied.

73.     Paragraph ¶73: With respect to the allegations contained in paragraph 73 of Plaintiff's Complaint, the Defendants incorporate their prior responses to the allegations in paragraphs 1 through 72 above and their Affirmative Defenses as raised herein.

74.     Paragraph ¶74: Denied.

75.     Paragraph ¶75: Denied.

76.   **PRAYER FOR RELIEF:** The Defendants deny that the Plaintiff is entitled to any relief in this proceeding.

77.   **AFFIRMATIVE DEFENSES**: The Defendants hereby assert the following Affirmative Defenses:

a.   Plaintiff's Complaint fails to state a claim upon which relief may be granted.

b.   Plaintiff's Complaint fails lack of subject-matter jurisdiction.

c.   Plaintiff's Complaint fails for failure to join a necessary party under Fed.R.Civ.P. 19.

d.   Defendants assert that venue is not appropriate in the District of Colorado, that venue is proper in the United States Virgin Islands.

e.   Defendants alleged action and/or omissions were not the cause of the alleged injuries and/or damages claimed by Plaintiff.

f.   Defendants can be liable only for a pro rata share of any judgment pursuant to State and/or Federal law.

g.   Some or all of the claimed damages may have been caused or contributed to by others or third parties for whom the Defendants had no responsibility.

h.   Plaintiff's purported damages and claimed relief, if any, were caused and/or contributed to by the acts of other parties and Defendants may rely on the provisions of State and/or Federal law as to third party practice.

**WHEREFORE**, the HMCU Defendants pray that Plaintiff's Complaint be dismissed with prejudice or, in the alternative, that judgment be entered thereon in their favor and against the Plaintiff, together with Defendants' costs, interest, attorneys' fees, expert witness fees, discovery expenses, and for such other and continuing relief that this Court deems appropriate under the facts and circumstances present herein.   **DEFENDANTS DEMAND A JURY TRIAL.**

[The remainder of this page is intentionally left blank].

Dated this 8th day of February, 2013.

Respectfully submitted,

_/s/ Dale Parrish_____
Dale Parrish, Esq. (Colo. Bar No. 11260)
James Noland, Esq. (Colo. Bar No. 33935)
1600 Jackson Street, Suite 190
Golden, Colorado 80401
Telephone:      (303) 279-4900
Facsimile:      (303) 279-4904
Email:          dale@parrishlaw.co
Email:          jim@parrishlaw.co

## CERTIFICATE OF SERVICE

**I DO HEREBY CERTIFY** that a true and correct copy of this **DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT** was sent to counsel for the Plaintiff on February 8, 2013, by facsimile, by U.S. Mail, postage prepaid, and/or by electronic service via PACER to the address listed below:

Thomas J. Krysa, Esq.                              *Via Pacer Only*
Danielle R. Voorhees, Esq.
U.S. Securities and Exchange Commission
Email:          krysat@sec.gov
                voorheesd@sec.gov
*Attorneys for Plaintiff*


Stanley McDuffie                                   *Via Electronic Mail Only*
Jilapuhn, Inc.
*Defendants*


/s/ Dale Parrish_____
Dale Parrish