IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-02939-JLK

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

v.

STANLEY B. MCDUFFIE
(f/k/a STANLEY ROBERSON AND STANLEY BATTLE),
and
JILAPUHN, INC. (d/b/a HER MAJESTY'S CREDIT UNION),

Defendants.

**FINAL JUDGMENT AS TO DEFENDANT STANLEY B. MCDUFFIE AND JILAPUHN, INC. (d/b/a HER MAJESTY'S CREDIT UNION)**

On September 15, 2014, the Court granted the Securities and Exchange Commission's Motion for Summary Judgment and the following judgment now enters as to Stanley B. McDuffie and Jilapuhn, Inc. (d/b/a Her Majesty's Credit Union) (collectively Defendants):

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendants are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a)     to employ any device, scheme, or artifice to defraud;

(b)     to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c)     to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

## II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants are permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

(a)     to employ any device, scheme, or artifice to defraud;

(b)     to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(c)     to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

## III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants are permanently restrained and enjoined from violating Section 5 of the Securities Act [15 U.S.C. § 77e] by, directly or indirectly, in the absence of any applicable exemption:

(a)     Unless a registration statement is in effect as to a security, making use of any

2

means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

(b)     Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

(c)     Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act [15 U.S.C. § 77h].

## IV.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants are jointly and severally liable for disgorgement of $532,591.97 representing the total amount raised from the sale of the securities

## V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants shall pay a civil penalty in the amount of $532,591.97 to the Securities and Exchange Commission pursuant to Section 20(d)(1) of the Securities Act of 1933 [15 U.S.C. § 77t(d)] and Section

21(d)(3)(A) of the Securities Exchange Act of 1934 [15 U.S.C. § 78u(d)(3)].

VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain

jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

Dated:  _____, _____

_____
John L. Kane, U.S. Senior District Judge